# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Sentry Select Insurance Company, ) | Civil Action No. 5:15-cv-04984-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Maybank Law Firm, LLC, and Roy P. ) | |
| Maybank, ) | |
| Defendants. ) | |
| ) | |

Plaintiff Sentry Select Insurance Company filed this action seeking monetary damages for legal malpractice against Defendants Maybank Law Firm, LLC, and Roy P. Maybank (together "Defendants"). (ECF No. 63.)

This matter is before the court pursuant to Defendants' Motion to Allow Video Testimony for Woodrow "Woody" Poplin, P.E.[1] (ECF No. 136.) Specifically, Defendants seek to have their expert, Mr. Poplin, testify via videoconference. (*Id.* at 1.) In support of their Motion, Defendants assert that Mr. Poplin is "66 years old" placing him "at high risk of severe illness from COVID-19"[2] and, as a result, he has "remained isolated, [] avoided contact with people other than [his] immediate family, and ha[s] not participated in any group activities." (*Id.*) Counsel for Defendants further asserts that he attempted to get the consent of Plaintiff's counsel prior to filing the instant Motion, but was unsuccessful. (*Id.* at 2.)

The Federal Rules of Civil Procedure address whether a witness can testify via

---

[1] The trial of this matter is scheduled to occur from September 14, 2020, through September 17, 2020, and continuing, if necessary, on September 21, 2020. (*See* ECF No. 84.)

[2] "The COVID-19 pandemic, also known as the coronavirus pandemic, is an ongoing pandemic of coronavirus disease 2019 ('COVID-19') caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2)." *COVID-19 pandemic*, https://en.wikipedia.org/wiki/COVID-19_pandemic #cite_note-auto-5 (last visited May 7, 2020).

1

videoconference. Rule 77 requires that "[e]very trial on the merits must be conducted in open court and, so far as convenient, in a regular courtroom." Fed. R. Civ. P. 77(b).[3] Rule 77 is supplemented by Rule 43, which provides that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a). However, Rule 43 further provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id.* In this regard, "[d]etermining whether good cause and compelling circumstances exist [under Rule 43] is a matter left to the court's discretion." *Gould Electrs. Inc. v. Livingston Cty. Rd. Comm'n*, Case No. 17-11130, 2020 WL 3717792, at *2 (E.D. Mich. June 30, 2020). *See also Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018) ("[U]nder Rule 43(a), the judge has discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'").

Upon its consideration of the foregoing, the court in its discretion finds that Mr. Poplin's concerns about testifying in person during the time of COVID-19 demonstrate good cause and compelling circumstances to allow him to testify at trial by videoconference. *In re RFC & ResCap*

---

[3] "Rule 77(b) does not define the terms 'in open court,' or 'in a regular courtroom.'" *Gould Electrs. Inc. v. Livingston Cty. Rd. Comm'n*, Case No. 17-11130, 2020 WL 3717792, at *1 (E.D. Mich. June 30, 2020). "The Court is unaware of any authority defining those terms in the context of Rule 77(b), . . . ." *Id.* However, "as defined in Black's Law Dictionary, the term 'open court' is sufficiently broad to embrace proceedings via videoconference." *Id.* at *3. "Specifically, Black's Law Dictionary provides the following definitions: (i) '[a] court that is in session, presided over by a judge, attended by the parties and their attorneys, and engaged in judicial business,' (ii) 'a proceeding in which formal entries are made on the record,' and (iii) '[a] court session that the public is free to attend.'" *Id.* (quoting Black's Law Dictionary (11th ed. 2019). "Under these definitions, the concept of 'open court' requires that a judge preside over proceedings that take place on the record and that are open to the public." *Id.* "There is no requirement that the proceedings physically take place in a courtroom." *Id.* "These requirements are consistent with videoconference proceedings." *Id.*

2

*Liquidating Tr. Action*, 444 F. Supp. 3d 967, 971–72 (D. Minn. 2020) ("Under the circumstances, COVID-19's unexpected nature, rapid spread, and potential risk establish good cause for remote testimony. Indeed, one court faced with a request for a temporary restraining order addressing the movement of patients infected with COVID-19 considered the virus to pose a 'threat of an immediate and irreparable injury.'") (citation omitted).  Therefore, the court **GRANTS** Defendants' Motion and will allow Mr. Woodrow "Woody" Poplin, P.E. to testify by videoconference. (ECF No. 136.) The court **DIRECTS** counsel for Defendants to contact the Clerk of Court expeditiously to determine the arrangements and/or safeguards that are necessary to insure that Mr. Poplin's testimony via videoconference occurs as needed at trial without avoidable complications.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 10, 2020
Columbia, South Carolina